UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN FLANNIGAN,<br><br>    Plaintiff,<br><br>v.<br><br>VULCAN CAPITAL MANAGEMENT, INC. and VULCAN ADVANCED MOBILE POWER SYSTEMS, LLC aka VULCAN AMPS, LLC,<br><br>    Defendants. | C05-7404 BSJ (TSZ)<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion *in limine*, docket no. 77, is DENIED or DEFERRED as follows:

   (A) Plaintiff's motion seeking to bar defendants' evidence of breach of plaintiff's duty of loyalty is DENIED. This affirmative defense is not barred by collateral estoppel (see Abrams v. Interco, Inc., 719 F.2d 23, 34, n.9) (default judgment has no preclusive effect). Although defendants shall not be permitted to offer speculation or hearsay, defendants have offered sufficient evidence to preclude summary judgment on this issue and to allow the issue to remain for trial. The plaintiff's motion based on failure to disclose, is DENIED.

   (B) Plaintiff's motion to admit portions of two audit reports, is DENIED. Although defendants do not challenge authentication, the two reports contain double hearsay. Plaintiff has failed to articulate any applicable exceptions to the hearsay rule.

MINUTE ORDER - 1

      (C)      Plaintiff's supplemental motion, by letter dated March 27, 2009, to preclude exhibits without redacting markings of former defense counsel, is DEFERRED.

    (2)    Defendants' motion *in limine*, docket no. 81, is GRANTED in PART and DENIED in PART as follows:

      (A)      The motion is DENIED in PART, as to evidence that defendants would pay plaintiff but for their financial condition. This evidence is admissible on the issue of whether failure to pay any wage was wilful. The Court will give a limiting instruction that limits the evidence to the third cause of action.

      (B)      The motion is GRANTED as to how defendants treated other employees. An e-mail suggesting payment "to be good guys" does not open the door to cross examination on how defendants have treated other employees. Further, evidence of other "bad acts" such as a 2004 alleged bribe or attempted bribe or other accusations of criminal conduct totally unrelated to this case (see plaintiff's opposition, docket no. 85 at 8-9) is not relevant to the issues in this case and the probative value of any such evidence would be far outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and is also excluded under Rule 403.

    (3)    Defendants' e-mail request of March 31, 2009, to strike the plaintiff's reply, docket no. 91, is DENIED as MOOT.

    (4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 15th day of April, 2009.

_____
THOMAS S. ZILLY
United States District Judge

MINUTE ORDER - 2